IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ULA STALEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 05-633-HO |
| ) | |
| v. ) | ORDER |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for social security disability benefits. Plaintiff asserts disability beginning June 29, 1996 due to combined impairments including fibromyalgia and chronic fatigue syndrome.

    Plaintiff initially sought federal court review in 1998 which resulted in a remand for reconsideration by the United States Court

1 - ORDER

of Appeals for the Ninth Circuit.  Upon remand, a second hearing before an administrative law judge (ALJ) resulted in a determination that plaintiff is not disabled.

Plaintiff contends the ALJ erred in: (1) rejecting lay witness testimony; (2) rejecting plaintiff's credibility; (3) rejecting the opinion of treating physician Dr. Douglas Lieuallen.

The relevant time period for plaintiff's disability determination is as of September 30, 1996.  Dr. Lieuallen opined that while plaintiff has been capable of performing sustained sedentary work on a regular and continuing basis, i.e., eight hours a day, five days a week, she is markedly limited in her ability to complete a normal workday and workweek without interruptions from medically based symptoms and to perform on a consistent pace without an unreasonable number and length of rest periods.  Tr. 193, 195.  Dr. Lieuallen indicated an onset date of June, 1996, for this restriction.  The ALJ rejected this opinion.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor.  Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985).  If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499,

2 - ORDER

502 (9th Cir. 1983).  To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings.    Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ rejected the opinion because he found it to be internally inconsistent based on the finding of ability to perform sedentary work, and it was solicited after the issuance of the first decision.  The ALJ also rejected the opinion because Dr. Lieuallen did not first examine plaintiff until September 24, 1996, the opinion has little in the way of objective findings, it must be based on unreliable subjective complaints,[1] and the opinion was brief and conclusory on a check-off form. Tr. 226-28, 230-31.

The Ninth Circuit found that Dr. Lieuallen is a treating physician.  The court stated with respect to the report that even though the statement is cursory, it is not robbed of all probative value and its conclusions should be read in conjunction with the medical documentation previously provided.  The court further noted that even though the claimant solicited the statement after the decision, that is not necessarily a ground to discount it because claimant was unrepresented at the time.  Finally, the court found that although the Commissioner contends the statement is internally

---

[1] The ALJ also states that the record is not clear as to whether Dr. Lieuallen ever considered plaintiff's subjective allegations. Tr. 228.  The ALJ did not attempt to recontact Dr. Lieuallen regarding his opinion after the initial remand.

3 - ORDER

inconsistent because of the finding of an ability to do sedentary work and a finding of marked limitations precluding work, it is not dispositive because the first portion of the opinion answers questions pertaining to "exertional requirements" while the second portion answers questions pertaining to "non-exertional limitations."

The ALJ essentially relies on reasons for rejecting the opinion already found lacking by the Ninth Circuit without further development of the record. The ALJ did not recontact Dr. Lieuallen to clarify the opinion and the alleged inconsistencies.

While the ALJ does point to generally specific and legitimate reasons for rejecting an opinion, such as reliance on unreliable subjective complaints, the ALJ fails to find record support for such a conclusion. While there is a possible internal inconsistency, the ALJ failed to develop the record in this regard. As noted by the Ninth Circuit, the inconsistency is explained by the opinion concerning different limitations, exertional and non-exertional. In addition, while an ALJ may reject a brief and conclusory opinion, he still must provide specific and legitimate reasons for doing so based on substantial evidence. The ALJ's reasoning is based on inadequate record support that should have been developed upon remand.

Thus, the ALJ's rejection reduces to a lack of objective findings to support the opinion. However,

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases

4 - ORDER

> have required, even when the objective factors are listed seriatim.[Footnote omitted] The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. Moreover the ALJ's analysis does not give proper weight to the subjective elements of the doctors' diagnoses. The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations. Accordingly, the ultimate conclusions of those physicians must be given substantial weight; they cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Lieuallen's opinion establishes disability if credited. The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

Because it is clear from the record that if the opinion of plaintiff's treating physician is credited an award of benefits would be required, the case will not be remanded to allow the Commissioner to discount the opinion. See Lester v Chater, 81 F.3d 821, 834 (9th Cir. 1995) (no purpose would be served by remanding for further proceedings where medical opinion established disability). The case has already been remanded specifically to address Dr. Lieuallen's disability opinion. The ALJ should have developed the record

5 - ORDER

regarding the basis for the opinion after the initial remand. Therefore, this case is remanded for an award of benefits.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for an award of benefits.

DATED this __12th__ day of __May__, 2006.

                                                  s/ Michael R. Hogan
                                                UNITED STATES DISTRICT JUDGE